**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CONRAD J. BRAUN,

Petitioner - Appellant,

v.

THE STATE OF KANSAS,

Respondent - Appellee.

No. 01-3314
(D. C. No. 01-CV-3011-DES)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Pro se* petitioner Braun filed a "Petition for Writ of Declaratory Judgment" in the district court. Mr. Braun challenged the constitutionality of a state restraining order obtained by his former wife from the Kansas state courts. The district court construed the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

action as having been filed pursuant to § 2254 and dismissed the action without prejudice pending conclusion of Mr. Braun's on-going state challenge to the constitutionality of the restraining order. After petitioner filed two motions to alter or amend that judgment and a succeeding judgment, the district court granted a motion for reconsideration and held that to the extent that Mr. Braun's request for release was filed pursuant to § 2254 it should be dismissed without prejudice pending exhaustion of state remedies. The district court also ruled that to the extent the request for release was characterized as any action other than habeas corpus, the motion to proceed without prepayment of the filing fee was denied and the claims were dismissed for nonpayment of the filing fee. The district court denied a certificate of appealability pursuant to the provisions of 28 U.S.C. § 2253(c)(1) and (2).

Petitioner now seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Determining that Mr. Braun has not met the statutory requirements, we deny his application and dismiss the appeal.

To be entitled to a COA, Mr. Braun must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We may grant habeas relief only if the state court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

We agree with the district court that petitioner has failed to make a "substantial showing of the denial of a constitutional right." We therefore deny a certificate of appealability to petitioner in this matter. The petitioner's motion requesting judicial notice is denied. The appeal is dismissed.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge